IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE COOK,<br>     v.<br>            Plaintiff,<br><br>CITY OF PHILADELPHIA, CHARLES RAMSEY,<br>JOHN J. GAITIENS, SYLVESTER JOHNSON,<br>AND JOHN CRANDLEY, JOHN DOES 1-3<br>SUED INDIVIDUALLY AND JOINTLEY,<br><br>            Defendants. | NO. 09  4696<br><br>CIVIL CASE<br><br><br>JURY TRIAL DEMANDED<br><br>FILED<br>OCT 13 2009<br>                    Dep. Clerk |

COMPLAINT

I.   INTRODUCTION.

Plaintiff brings this action for financial and injunctive relief pursuant to 42 U.S.C. et seq. (1964 Civil Rights Act) and the First, Fourth, Fifth, Fourteenth Amendments to the United States Constitution.

II.  JURISDICTION/VENUE

2.   Jurisdiction for the District Court to hear this action is afforded to the District Court pursuant to 42 U.S.C. § 1983, et seq., (the Civil Rights Act of 1964), its Amendments and under 28 U.S.C. §1331 et seq.,(Federal Question Jurisdiction) and 28 U.S.C. §1343 et seq., (Civil Rights Jurisdiction). Pendant Jurisdiction is supplemental as to the Plaintiff's State claims pursuant to 28 U.S.C. §1367.

III. PARTIES

3.   Tyrone Cook is a natural person who is domiciled in Pennsylvania and residing in Philadelphia, Pennsylvania; he is a person as intended by 42 U.S.C. §1983.

4.   Charles Ramsey, John J. Gaitien, John Crandley and Sylvester Johnson are natural persons who are sued individually, and are persons as intended by 42 U.S.C. §1983 et seq.

5. City of Philadelphia is a incorporated municipal government, which acts only through authority conferred to it under Pennsylvania Statutory law and its employees, which include but is not limited to Charles Ramsey, John J. Gaitien, John Crandley and Sylvester Johnson

6. Defendant Charles Ramsey, John J. Gaitien, John Crandley, and Sylvester Johnson were persons as intended by 42 U.S.C. §1983 et seq.

7. For all times related to the action as set forth in the Complaint, Charles Ramsey, John J. Gaitien, John Crandley and Sylvester Johnson were policy makers or employees for the City of Philadelphia and within the City of Philadelphia Police Department with actual or apparent policy making authority. John J. Gaitien was a Deputy Police Commissioner, Sylvester Johnson was the Police Commissioner and Charles Ramsey succeeded Sylvester Johnson as Police Commissioner; for all such times related to the claims in this Complaint, these named Defendants were domiciled in Pennsylvania and residing in Philadelphia, Pennsylvania.

8. Plaintiff is an African American and former Philadelphia Police Sergeant and a member of a protected class.

9. On or about the evening of September 16, 2007, the Plaintiff while off duty was involved in a motor vehicle accident after his vehicle veered off a road unfamiliar to the Plaintiff, and hit a utility pole. The accident did not involve another vehicle or another person, however, the Plaintiff sustained physical injuries and property damage to his personal vehicle.

10. Plaintiff was not given a field sobriety test or questioned about his activities prior to the accident as to whether the Plaintiff had consumed any alcohol by responding police officers who arrived at the scene of the accident.

11. Plaintiff, visibly injured and in need of medical care, was taken directly to the 26th Police District over an hour after the accident by Officer Quinn.

12. The Plaintiff while at the 26th Police District was denied medical care and arrested (unreasonably seized) by Defendant Crandley; who was at the time held the rank of Sergeant.

13. Plaintiff's seizure was unreasonable, was without probable cause, without a arrest warrant, and not upon the view of a misdemeanor or felony, and/or under the reasonable suspicion of committing a felony; rather the unreasonable seizure was because of Plaintiff's race and/or policy of Defendant, City of Philadelphia to use the criminal system to deprive persons of color the equal protection of the law and for speaking out about corruption in the Police Department.

14. Plaintiff's unreasonable seizure by Defendant Crandley was alleged to occur for suspicion of Plaintiff's influence of alcohol while operating a motor vehicle when such action was merely a pretext for depriving Plaintiff's constitutional rights.

15. Defendant Crandley did not observed Plaintiff operating or in control of a motor vehicle.

16. On October 15, 2007, Plaintiff was terminated from his employment as a police officer pursuant to the unreasonable seizure and unlawful acts of Defendant John Crandley and/or under a policy of the City of Philadelphia to discriminate against African American police officers if they are arrested and or persons that have engaged in protected first amendment free speech and petition clause activity.

17. The City of Philadelphia's written policy to suspend police officers similarly situated for five (5) days is arbitrarily applied with race being a factor relied upon not equally applied to white police officers.

18. The policy as indicated was invoked by Defendants Gaitien and Johnson in terminating Plaintiff's employment as a Philadelphia Police Officer.

19. The City of Philadelphia has a policy to rehire former police officers who were arrested for a misdemeanor that is terminated favorably for the police officer.

20. The City of Philadelphia's policy to rehire a police officer as indicated is not equally applied to police officers of color, including the Plaintiff.

21. The Plaintiff, although unreasonably seized, was charged with a misdemeanor that was subsequently terminated in the Plaintiff's favor; The Plaintiff was not rehired in accordance with The City of Philadelphia's written policy as indicated which has benefited white police officers in a similar or in the same situation.

22. Defendants intentionally terminated Plaintiff's employment as Philadelphia Police Officer because of Plaintiff's race and following a non conviction disposition of the police officer's earlier arrest.

23. Prior to the Plaintiff's accident, Plaintiff had engaged in free speech activity by actively advocated on his son's behalf in public regarding a public concern, to wit, police corruption and the City's failure to investigate his son's wrongful arrest and false drug charges brought against his son by white police officers.

24. On September 20, 2007 the Plaintiff filed a grievance through the Fraternal Order of Police Union Lodge #5.

25. On August 15, 2009, The American Arbitration Association found that the City did not have just cause to terminate the Plaintiff and awarded the Plaintiff full back pay and reinstatement of Plaintiff's former employment as a Philadelphia Police Officer since October 15, 2007.

37. Defendants have each done and/or caused to be done acts in furtherance of this conspiracy whereby Plaintiff has been injured and deprived of his rights and privileges as citizen of the Commonwealth of Pennsylvania;

38. Defendants each had knowledge of the conspiracy and each had the authority and opportunity to prevent the violations from occurring and failed to do so;

39. As a direct and proximate result of the foregoing, the Defendants have caused the Plaintiff to suffer significant indignities and financial and other damages and deprived the Plaintiff of his rights and privileges as a citizen of the United States;

## COUNT THREE
## (42 U.S.C. §1983)
### First Amendment Retaliation

40. Plaintiff incorporates herein by reference the allegations set forth in paragraphs 35 through 39 as though same were fully set forth herein at length;

41. The Defendants have discriminated against the Plaintiff on the basis of his exercising of first amendment activities, such as free speech and petition clause activity.

42. As a direct and proximate result of the foregoing, the Plaintiff has been deprived of his rights and privileges as a citizen of the United States and caused to suffer significant indignities;

## COUNT FOUR
## MALICIOUS PROSECUTION

43. Plaintiff incorporate herein by reference the allegations set forth in paragraphs 40 through 42 as though same were fully set forth herein at length;

44. The Defendants acted maliciously in the initiation of proceedings without probable cause which proceedings ultimately ended in the Plaintiff's favor .

from unreasonable search and seizures, right not to be deprived of Plaintiff's property without due process and equal protection of laws, violations of the Civil Rights Act of 1886 as amended in 1964, 42 U.S.C. §1983, §1985 , §1986 and §2000 et seq;

## COUNT ONE
## (42 U.S.C. §1983)
### VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT RIGHTS AND THE CONSTITUTION OF THE COMMONWEALTH OF PENNSYLVANIA

32. Plaintiff incorporate herein by reference the allegations set forth in paragraphs 1 through 31 as though same were fully set forth herein at length;

33. The Defendants have denied Plaintiff's rights under the Fourth Amendment and Article I, §8 of the Constitution of the Commonwealth of Pennsylvania; to be secure in their person from unreasonable searches and seizures, and to be secure against arrest without probable cause.

34. As a direct and proximate result of the foregoing, the Defendants have caused the Plaintiff of their rights and privileges as a citizen of the Commonwealth of Pennsylvania;

## COUNT TWO
## (42 U.S.C. §1985)
### CONSPIRACY TO INTERFERE WITH PLAINTIFF'S CIVIL RIGHTS RIGHTS

35. Plaintiff incorporate herein by reference the allegations set forth in paragraphs 32 through 34 as though same were fully set forth herein at length;

36. Defendants Charles Ramsey, John J. Gaitien, John Crandley, and Sylvester Johnson conspired for the purpose of impeding, hindering, obstructing and/or defeating the due course of justice with the intent to deny Plaintiff the protection of the laws;3

26. Prior to the events described herein, the Defendants Crandley, Johnson and Ramsey acted and/or acted in such a way as to exhibit deliberate indifference to the Constitutional rights of other African American police officers within the City of Philadelphia Police Department which caused violations of the Plaintiff's Constitutional rights;

27. Defendant Crandley, Johnson and Ramsey failed to adequately and properly supervise and train its police officers in various aspects of police procedure, including but not limited to, the limitations of applying policy and procedures against persons which would violate their Constitutional rights.

28. Defendant Crandley, Johnson and Ramsey were well aware of prior events similar to the Plaintiff which culminated in the Plaintiff's termination where the police officer was Caucasian, the police officer was not terminated thereby demonstrating acquiescence of a policy for discrimination;

29. Prior to October 15, 2007, Defendant Crandley, Johnson and Ramsey were well aware of Plaintiff's public criticisms of the Philadelphia Department's discrimination of African Americans and used their indifference to same as a pretext in terminating the Plaintiff from the Philadelphia Police Department in retaliation.

30. The above described acts and omissions by the Defendants are part of policies, practices and/or customs of the Philadelphia Police Department which exhibit deliberate indifference to the constitutional rights of persons and caused the deprivations of Plaintiff's Constitutional Rights.

31. The Defendants, acting in concert and under color of state law, have deprived Plaintiff of his rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including, but not limited to, Plaintiff's right to free speech, right to be free

45. As a direct and proximate result of the foregoing the Plaintiff has suffered significant indignities and was deprived his rights and privileges as a citizen of the Commonwealth of Pennsylvania;

WHEREFORE, the Plaintiff prays that the Court grant relief and award Plaintiff:

(a) An injunction prohibiting the Defendants from any future violations of the civil and constitutional rights of citizens;

(b) An injunction prohibiting the Defendant, City of Philadelphia, from promulgating, or attempting to promulgate, enforcing, or attempting to enforce, any policy, rule or regulation which purports to limit, interfere, or restrict the constitutional rights of the citizens of this Commonwealth;

(c) An Injunction requiring the individual Defendants to receive such Additional training as may be necessary to prevent a recurrence by them of the illegal activities describe above;

(d) Compensatory damages in excess $100,000.00 to include front and back pay from October 16, 2007 to August 15, 2009;

(e) Punitive damages against the Defendants, in an amount deemed appropriate the by the trier of fact;

(f) Pre-judgment interest, attorney fees and cost of suit;

(g) Such other relief as the Court deems equitable and just.

Respectfully Submitted,
LAW OFFICE OF BRIAN M. PURICELLI

By: _____  10/16/2009
Brian M. Puricelli, Esquire
Attorney Id No. 61933
691 Washington Crossing Road
Newtown, Pennsylvania 18940
Voice: (215) 504-8115
Facsimile: (215) 504-8116
Email: PURICELLIB@COMCAST.NET